**PHARMACEUTICAL RESEARCH AND MANUFACTURERS OF AMERICA, Plaintiff–Appellee,**

v.

**COMMISSIONER, MAINE DEPARTMENT OF HUMAN SERVICES AND ATTORNEY GENERAL, State of Maine, Defendants–Appellees,**

v.

**Edwin D. Schindler, Non Party Movant–Appellant.**

**No. 01–1597.**

United States Court of Appeals, Federal Circuit.

Oct. 19, 2001.

---

**866**

Before MICHEL, RADER and GAJARSA, Circuit Judges.

ON MOTION

RADER, Circuit Judge.

ORDER

Edwin D. Schindler moves to stay proceedings in the United States District Court for the District of Maine pending this court's review of his appeal from the district court's denial of his motion to intervene. Pharmaceutical Research and Manufacturers of America (PhRMA) opposes. The Commissioner of the Maine Department of Human Services and the Attorney General of Maine (the Maine defendants) oppose. Schindler replies. Schindler also petitions for a writ of mandamus "holding that this Circuit has exclusive appellate jurisdiction over this appeal, and that an appropriate order or request be issued to the United States Court of Appeals for the First Circuit directing the First Circuit to transmit the record on appeal to the Federal Circuit." Schindler submits a "supplemental filing" in support of his motion and petition. Schindler also moves for this court to decide his motion to stay by various dates. The Maine defendants move to dismiss Schindler's appeal. Schindler opposes and moves for "an order declaring the Federal Circuit's jurisdiction over this appeal." The Maine defendants oppose. Schindler replies.

PhRMA sued the Maine defendants in the United States District Court for the District of Maine, challenging a newly enacted state law concerning the pricing and availability of prescription drugs, primarily on the grounds that the law violated the Commerce Clause and the Supremacy Clause of the United States Constitution. PhRMA sought a preliminary injunction to prevent implementation of the state law. The district court granted PhRMA's motion for a preliminary injunction. The Maine defendants appealed to the First Circuit. On February 23, 2001, Schindler

filed a brief amicus curiae in the First Circuit appeal. On May 18, 2001, the First Circuit reversed the district court's order that had granted a preliminary injunction. PhRMA has petitioned for a writ of certiorari to the United States Supreme Court and the First Circuit stayed issuance of its mandate pending disposition of the writ of certiorari.

Meanwhile, on April 9, 2001, Schindler filed a motion to intervene in the district court. The district court denied the motion on June 8, 2001. Schindler moved for reconsideration, and the district court denied that motion on July 10, 2001. Schindler filed notices of appeal, which were apparently transmitted to the First Circuit by the district court. On August 24, 2001, Schindler filed an "amended" notice of appeal that was transmitted by the district court to this court. That notice of appeal (the present appeal in this court, 01–1597) seeks review of the district court's denial of Schindler's motion for reconsideration of the denial of his motion to intervene.

■ The Maine defendants argue that Schindler's appeal was not timely filed and must be dismissed. We agree. The appeal that was transmitted to this court was not filed within 30 days of the date of entry of either the district court's denial of intervention or the district court's denial of Schindler's motion for reconsideration. *See* Fed. R.App. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days after order appealed from is entered).

■ Schindler also seeks mandamus relief from this court, asking that we order the First Circuit to, in effect, transfer its appeals to us. In the First Circuit, Schindler moved to dismiss or transfer PhRMA's appeal (which had already been decided) and to transfer Schindler's appeal regarding intervention to this court. The First Circuit denied those motions on August 13 and August 29, 2001. The First Circuit stated that Schindler could argue, in his brief, that the appeal should be transferred to the Federal Circuit. Because Schindler's case is before the First Circuit and Schindler has raised the transfer issue there, he cannot be said to lack alternative means of attaining the relief desired, as required by *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).

Accordingly,

IT IS ORDERED THAT:

(1) The Maine defendants' motion to dismiss this appeal is granted.

(2) Schindler's motions are moot.

(3) Schindler's petition for a writ of mandamus is denied.